No. 28,260.

Edward N. Kelly et al., *Appellees*, v. The Atchison, Topeka & Santa Fe Railway Company, *Appellant*.

(270 Pac. 586.)

Opinion filed October 6, 1928.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, and *J. D. Houston,* of Wichita, for the appellant.

*J. Graham Campbell* and *Ray Campbell,* both of Wichita, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The defendant appeals from a judgment rendered against it on evidence introduced and an agreed statement of facts, in part as follows:

"II. That, on or about February 22, 1921, the Farmers Grain and Supply Company, a corporation of Galva, Kansas, delivered to defendant for ship-

ment to its order at Wichita, Kansas, car No. AT-28483, containing 76,630 pounds of No. 2 dark hard wheat, and defendant then issued to said Farmers Grain and Supply Company, a shipper's order bill of lading showing receipt of said car of wheat billed to Wichita, Kansas, to shipper's order, notify the Hausam-Bateman Grain Company and transported said car to Wichita.

"That, on or about the same date, said Farmers Grain and Supply Company drew their draft on the Hausam-Bateman Grain Company at Hutchinson, Kansas, with said bill of lading attached, properly indorsed. Immediately thereafter the Hausam-Bateman Grain Company requested the Edward Kelly Grain Company of Wichita to procure inspection and sample of said car of wheat and sell it on consignment and for a commission. That the Edward Kelly Grain Company then offered and sold said car of wheat to the Red Star Milling Company of Wichita, at $1.67 per bushel basis Kansas City, said car to be delivered to said milling company at Wichita. Although said car of wheat was then in Wichita, said bill of lading appeared to have been lost and did not come into possession of the Edward Kelly Grain Company. Thereupon, at the request of the Hausam-Bateman Grain Company, and said defendant railway company, and pursuant to the custom and practice in the grain trade, which was known to all parties concerned, including defendant, and in order to have said car of wheat delivered to the Red Star Milling Company by defendant prior to and without surrender of the shipper's order bill of lading, the Edward Kelly Grain Company then deposited with defendant its check in the sum of $2,450, which was estimated to be 125 per cent of the value of said car of wheat, said check being received by defendant in lieu of the surrender of said order bill, whereupon defendant delivered said car of wheat to the Red Star Milling Company in reliance on the security so furnished it by said check for $2,450, and the Red Star Milling Company then unloaded said car of wheat and paid the Edward Kelly Grain Company therefor. The proceeds of the sale of said car of wheat by the Edward Kelly Grain Company to the Red Star Milling Company for the Hausam-Bateman Grain Company, amounting to $1,929.53, were then held and retained by the Edward Kelly Grain Company because of the fact that it had deposited its check for $2,450 with defendant as aforesaid in lieu of the surrender of the said order bill, said price being retained until its check should be returned to it by the defendant.

"That, thereafter, the Hausam-Bateman Grain Company, in order to secure the release to the Edward Kelly Grain Company of the $2,450 check deposited with it as aforesaid, and in order to secure the release from the Edward Kelly Grain Company of said sum of $1,929.53, the sale price of said car of wheat, executed and delivered to defendant, through its agent, C. A. Walker, of Hutchinson, Kansas, on form 2656 bond conditioned to save defendant harmless because of delivery of said car of wheat without surrender to it of said order bill. . . .

"III. That, on or about March 10, 1921, the $2,450 check deposited by the Edward Kelly Grain Company with defendant in lieu of surrender of said bill of lading was returned to the Edward Kelly Grain Company by defendant.

"That the Edward Kelly Grain Company then paid to the Hausam-Bateman Grain Company the proceeds of the sale of said car of wheat.

"IV. That the Edward Kelly Grain Company would not have surrendered and paid the proceeds of the sale of said car of wheat to the Hausam-Bateman Grain Company unless defendant had returned to the Edward Kelly Grain Company said check for $2,450 theretofore deposited in lieu of the surrender of said order bill.

"That, in remitting the proceeds of the sale of said car of wheat to the Hausam-Bateman Grain Company as aforesaid, the Edward Kelly Grain Company relied upon the fact that defendant had surrendered to it its said check for $2,450. . . .

"V. That, on about January 17, 1923, the Farmers Grain and Supply Company of Galva filed suit in the district court of Reno county, Kansas, against defendant herein, the Red Star Milling Company, and these plaintiffs, wherein it alleged that its draft for $1,990 drawn as aforesaid on the Hausam-Bateman Grain Company, with bill of lading attached, covering said car No. 28,483 of wheat, had never been paid, and that said defendants wrongfully converted said wheat to their own use, and prayed judgment against said defendants for said sum of $1,990. That on September 19, 1924, judgment was entered in said cause and court against said defendants for said sum of $1,990 and costs. That, subsequently, the supreme court of Kansas affirmed said judgment as to these plaintiffs and the Red Star Milling Company, but reversed same as to defendant herein (120 Kan. 21). That defendant herein was relieved from liability to the Farmers Grain and Elevator Company of Galva, because of the fact that no claim was made by it within four months after the delivery of the property pursuant to a stipulation in the bill of lading under which said shipment was made.

"That, thereafter, and on the 3d day of June, 1926, these plaintiffs paid half of said judgment so affirmed against them and against the Red Star Milling Company, said payment being in the sum of $1,095.75, which sum has never been repaid to plaintiffs by anyone, and for which they hold no security.

"VI. Plaintiffs paid over to said the Hausam-Bateman Grain Company the proceeds of the sale of said car of wheat, which money said Hausam-Bateman Company retained and used, all without having paid the Farmers Grain and Supply Company of Galva for said car of wheat. That the Hausam-Bateman Grain Company is insolvent and without financial responsibility, and these plaintiffs cannot recover from said grain company the loss they suffered by reason of paying said judgment as aforesaid."

This action is largely a sequel to *Farmers Grain Co. v. Atchison, T. & S. F. Rly. Co.*, 120 Kan. 21, 245 Pac. 734. All of the facts material for the consideration of the question presented were disclosed by the agreed statement of facts. For that reason it is not necessary to notice the small amount of evidence that was introduced.

The contract liability of the defendant was to the shipper of the

grain, the Farmers Grain and Supply Company. That contract was contained in the bill of lading. The tort committed by the railroad company was against the shipper of the grain, not against the plaintiff in the present action. The relations between the present defendant and the plaintiff were contract relations entirely. The plaintiff desired the delivery of the grain without surrendering the bill of lading. In order to obtain the grain, the plaintiff gave to the defendant a certified check for $2,450. Within a few days after the check was given it was returned to the plaintiff by the defendant. The liability of the defendant to the Farmers Grain and Supply Company was determined in *Farmers Grain Co. v. Atchison, T. & S. F. Rly. Co.*, 120 Kan. 21, 245 Pac. 734, where this court declared the defendant not liable to the grain company, because that company had not complied with the contract concerning notice of loss arising out of the shipment. The plaintiff and the Red Star Milling Company were parties to that action and were bound by the judgment therein. The railroad company, if it was not liable to the Farmers Grain and Supply Company, is not liable to any of the other persons or corporations through whose hands the shipment of grain passed unless it committed some wrong against such other person or corporation. None is shown by the record. No wrong was done the plaintiff in accepting the check, nor in returning it. Under the facts disclosed by the agreed statement of facts, the right of action of the plaintiff is not against the defendant, but is against the Hausam-Bateman Grain Company, which failed to pay the Farmers Grain and Supply Company for the wheat after receiving the money therefor from the plaintiff. The record discloses that the Hausam-Bateman Grain Company is insolvent, but the insolvency of that company does not render the defendant liable to the plaintiff. In *Farmers Grain Co. v. Atchison T. & S. F. Rly. Co.*, supra, this court held that the railroad company was not liable to the shipper of the grain for the reasons there advanced. The plaintiff and the Red Star Milling Company were parties to that action and were bound by the judgment therein. If the defendant is not liable to the Farmers Grain and Supply Company for the tort committed against it, the defendant is not liable to any of the other parties to that action on account of such tort. The rules there declared must now be followed unless that decision is to be overruled. The plaintiff cannot

indirectly accomplish what the Farmers Grain and Supply Company could not do directly.

The judgment is reversed, and directed to be entered for the defendant.